GUIDRY, Judge.
This is a worker’s compensation proceeding. Plaintiff alleges that he suffered work-related injuries to his neck, shoulder and lower back on July 9, 1984. Plaintiff contends that he did not recover from his lower back injury and suffers substantial pain and discomfort which continues to render him totally disabled. Defendants, Ra-balais Tractor Company, plaintiffs former employer, and its insurer, First Horizon Insurance Company, do not dispute that plaintiff suffered a work-related injury to his neck and shoulder on July 9, 1984. Accordingly, defendants voluntarily paid plaintiff worker’s compensation benefits for his neck and shoulder injury in the amount of $221.59 per week from July 9, 1984 through October 27, 1985. Defendants also paid plaintiff $12,098.49 in medical and related expenses. Plaintiff fully recovered from his shoulder and neck injury by October 27, 1985. On the latter date, defendants terminated plaintiff’s worker’s compensation benefits. Thereafter, plaintiff filed a claim with the Office of Worker’s Compensation for the State of Louisiana (Office). On December 11, 1985, the Office recommended that temporary total benefits were due claimant in the amount of $221.59 from July 9, 1984 through October 27, 1985. The Office also recommended that claimant be paid for all medical and related expenses through October 27, 1985 except for the surgery and/or chymopapain enzyme injection allegedly recommended by plaintiff’s treating physician. Plaintiff rejected the recommendations of the Office and filed this suit.
After a hearing on the merits, the trial court concluded that, although plaintiff did suffer work-related injuries to his neck and shoulder, his alleged back injury did not arise out of or within the course and scope of his employment. The court next determined that plaintiff was temporarily totally disabled, by reason of injuries to his neck and shoulder, for the period from July 9, 1984 thru October 27, 1985 for which he is entitled to receive compensation benefits of $221.59 per week and all medical and related expenses subject to a credit in favor of defendants for all payments made. In all other respects, plaintiff’s demands were rejected. Plaintiff appealed and urges the following as error:
1. The trial court erred in failing to find plaintiff’s back injury to be work-related.
2. The trial court erred in finding that the treatment administered to plaintiff by Dr. Hamsa was not compensable.
3. The trial court erred in failing to award plaintiff penalties and attorney’s fees.
We have carefully reviewed the record and finding no clear error in the trial court’s conclusions, we affirm.
The trial court disposed of the issues presented for review in the following excellent written reasons for judgment, which we are pleased to adopt as our own:
“After hearing the evidence and the arguments of counsel, the court took the case under advisement pending trial memorandum to be filed by counsel for the parties, and this day filed the following written reasons for judgment.
This is a suit for worker’s compensation benefits. On July 9, 1984, plaintiff was employed as a mechanic by Rabalais Truck & Tractor Company and was working at its place of business in Bunkie, Avoyelles Parish, Louisiana. It is not disputed that on that day plaintiff was working on the floor board of a tractor when he felt his neck pop, and he began having pain in his neck and shoulders. This injury has cleared up, and it no longer causes plaintiff any disability. Plaintiff contends, however, that he also injured his lower back on that date, and serious disputes have arisen between the parties as to whether (a) plaintiff has sustained an injury to his back, and (b) if plaintiff has sustained an injury to his back, did the injury result from an accident which arose out of and in the course of the employment relationship.
Plaintiff relies exclusively on his own testimony to establish that he injured his lower back while at work on July 9,1984. He testified that he was riding on the hood of a tractor for half a day while it was being field tested, and when he got *1172 off he realized that he had injured his lower back. He also said that he immediately notified the shop foreman, Ivan Vil-lemarette, of the accident. He then said that he had injured his neck on the same day, and injured his neck again on the following day, July 10, 1984. Plaintiff, Michael Orgeto, testified that he immediately notified the shop foreman, Ivan Vil-lemarette, of the accidents.
The shop foreman, Ivan Villemarette, testified that he always fills out the employer’s first report of injury for the employees who report accidents. In plaintiffs case, Villemarette testified that on July 9, 1984 plaintiff reported to him that he had injured his neck while working on the floor board of a tractor that day. Villemarette thereupon filled out the employer’s first report of injury, which was introduced in evidence, and it reflects the injury to plaintiff’s neck. This witness further testified that plaintiff never informed him that plaintiff had injured his lower back, and if he had been so informed he would have noted the injury on his report.
On July 10,1984, plaintiff was referred to Dr. John Lemoine for an examination. Dr. Lemoine testified, by deposition, that plaintiff gave him a history of having experienced pain in his neck the day before, and plaintiff denied that there was any trauma associated with the incident. Plaintiff did not mention any low back pain.
From July 14, 1984 through July 27, 1984, plaintiff took chiropractic treatments from Dr. Louis F. Hamilton, in Bunkie, Louisiana. Dr. Hamilton testified, by deposition, that plaintiff complained only of neck and shoulder pain, which, he said arose while he was working on the floor board of a tractor. Plaintiff made no mention of low back pain, and he indicated to Dr. Hamilton that he was at the time doing some rough riding on a three wheeler in preparation for the hunting season. After his treatment, Dr. Hamilton was of the opinion plaintiff could return to work.
Plaintiff returned to Dr. Lemoine’s office on July 30, 1984, again complaining of neck pain. On this occasion, plaintiff also said that he had some pain in his lower back, but he gave no history relating to the pain. On August 6, 1984, plaintiff again returned to Dr. Lemoine’s office complaining of neck and shoulder pain, and he also said he had pain in his low back. On this visit, Dr. Lemoine stated that the plaintiff told him he had strained his back while lifting a microwave oven the previous week.
Plaintiff’s response to the foregoing testimony, insofar as his back injury is concerned, is that the witnesses are mistaken or simply not telling the truth. The court thinks otherwise, and concludes that the plaintiff injured his back while lifting a microwave oven at his home some three weeks after he left his employment at Rabalais Truck & Tractor Company. Since the plaintiff has not returned to work since July 10, 1984, the court concludes further that the alleged low back injury of which he presently complains did not result from an accident which arose out of and in the course of his employment by Rabalais Truck & Tractor Company. Plaintiff had the burden of proving this essential element of his case. (Prim v. City of Shreveport, 297 So2d 421 (La.1974), and he has woefully failed to do so.
The remaining evidence in this case deals principally with the nature and extent of the alleged low back injury, as expressed by various neurosurgeons and orthopaedic surgeons. In view of the conclusions reached above, the court does not believe it would serve any useful purpose to review all of that evidence, except to observe that it is highly questionable that plaintiff sustained a disabling injury to his lower back at any time. The weight of the evidence points to the fact that plaintiff had a ‘slightly buldging disc’ at the L4-5 level, and that this condition was ‘clinically insignificant’. In view of this evidence, if the court were called upon to express an opinion, it would hold that the continued treatment and chymopapain injection given plaintiff by Dr. Hamsa was ill advised and unnecessary.
*1173 It is conceded that plaintiffs neck injury was treated conservatively, and that the pain gradually subsided. Because of this injury the court finds that plaintiff was temporily [sic] totally disabled from July 9, 1984 through October 27, 1985. Plaintiffs wages were such that he is entitled to weekly compensation benefits at the rate of $221.59 a week. In addition, plaintiff is entitled to all medical and related expenses incurred from July 9, 1984 through October 27, 1985. The court finds that the extended treatment and chymopapain injection given plaintiff by Dr. Hamsa are not compensable, because they were not related to an accident that arose out of the employment relationship. The court further finds that plaintiffs claims for penalties and attorney’s fees are not well founded. The court finds further that the defendants have paid the plaintiff compensation at the rate of $221.59 per week from July 9, 1984 through October 27, 1985, or a total of $15,289.71, and have additionally paid all of plaintiffs medical and related expenses during that period of time in the amount of $12,098.49, for which defendants are entitled to credit.”
For these reasons, the judgment of the trial court is affirmed. Appellant is cast with all costs of this appeal.
AFFIRMED.